*Clark & Applegate, for appellant.*

*C. H. Lee, for appellees.*

---

## J. T. CLARK *v.* J. H. WEST.

[Abstract Kentucky Law Reporter, Vol. 7—302.]

**Validity of Patent for Land.**

A patent to the extent that it embraces land already patented is ineffectual to convey any title, but a patent is not invalid which properly describes land but by mistake designates it as being in a county where it is not.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

October 8, 1885.

OPINION BY JUDGE PRYOR:

In this case the fact that the land patented to the appellee was in Rockcastle county instead of Madison did not invalidate the patent, nor give to the appellant the right to enter it or patent it as wild land. His patent to the extent that it embraced land already patented was void. The agreed facts show the existence of the elder patents and the derivation of title by the appellee from the original patentees. The original patents were issued to Davis, and, he dying without children, the land descended to his father, Isaac Davis. Isaac died intestate and after his death the land was sold and purchased by West.

The land shortly after these patents issued was in Madison county, but the county line being changed between Madison and Rockcastle counties placed the land, or the most of it, on the Rockcastle side of the line. The boundary of the line is given in the patent, its location fixed and definite by this boundary; and the appellant to the extent of his interference is guilty of a trespass, and is without title. After the agreed facts admitting the title to be in West, if the patents are valid, we see no reason for controversy. The land in dispute belongs to the appellee and the judgment is affirmed.

Judgment *affirmed*.

*J. W. Brown, Randall & Ramsey*, for appellant.

*S. M. Burdett, Anderson & Herndon*, for appellee.